All right, our fifth case for today is the Saskatchewan Mutual Insurance Company v. CE Design. Mr. Borsche. May it please the Court. Jim Borsche for Saskatchewan Mutual Insurance Company. The district court here erred in dismissing this case for lack of jurisdiction. In this case, jurisdiction existed on two independent grounds. The first is under CAFA. CAFA applies here to the facts in this case. So I think your arguments for jurisdiction are a bit in conflict with each other, because it seems to me, in essence, what you're saying is that the proceeding in Saskatchewan, where the Queens bench court decides that the Illinois judgment is unenforceable, is the result of an effort to enforce a judgment. And one of your big points, which I think is correct, is once there's a judgment, the underlying claim merges into the judgment. You don't have the claim anymore. That's in the restatement of judgments. It's in the restatement of conflicts. It's all over the place. People should know that. So if that's the case, then when you come to the Illinois court, you have alienage jurisdiction. You have a Canadian company suing U.S. state citizens, so to speak. And that's how you get to your amount of controversy, not being subject to the Snyder against Harris rule. So that all requires this idea of merger into the judgment. I'm not sure that that gives you the multiplicity of plaintiffs that you need for CAFA. Well, I think the issue here is that under CAFA, you look to the issue of how many were in the class. The class was certified as a class. Right, but the class, once you are in the enforcement of judgment world, the class is gone. That the class action has merged into the effort to recognize or enforce a judgment. I don't think that's correct. If you look at Edison Automatics, the class exists still. In the enforcement stage, the class still exists. And then here, what the plaintiffs are doing is trying to collect not just their CD design, their share of the judgment. They're trying to collect in their enforcement over $8 million. No, I understand that. But I'm struck that if you're going to look at this as a CAFA class, as an alleged CAFA class action, then you have a whole series of problems, not least of which is that you are the plaintiff. And this class is in the posture of a defendant now that we're talking about the Queen's Bench judgment. Well, I don't think we're the plaintiff, respectfully, because I don't think registering a judgment changes who you are. In other words, we are a judgment plaintiff. But in essence, we are still a defendant in the case. The plaintiffs in this case still seek to recover money against us. So we are defending off that claim. The Queen's Bench found the judgment was not enforceable. But registration is a ministerial act. It doesn't change the nature of the lawsuit. And the lawsuit is we are a defendant still fending off an $8 million-plus claim here. Well, but once the Queen's Bench issued its decision, I'm not sure that that's the right way to look at this. I understand once you start unraveling, you can find out who was the original plaintiff and who were the original defendants, and you were certainly an original defendant and it was originally a plaintiff, an asserted plaintiff class that was going after you and so on. But that you have this intervening event, which is the judgment of the Queen's Bench, and I'm going to take an issue that nobody discusses. I'm going to take for the time being as given the fact that a foreign country judgment can be registered in a federal district court. There is one case where this court has kind of assumed that a state court judgment can be, but it is maybe something that you know that recognition enforcement of foreign money judgments follows state law. So Illinois has enacted the Uniform Act, but it's not the same as full faith and credit at all. Since the War of 1812, Canada has pretty definitely been a different country from the United States. But I think what you need to look at here, Judge, is what happened after the Saskatchewan court ruled, how the plaintiff looked at this. After that ruling, the plaintiff served a citation to discover assets in Illinois, seeking to enforce that judgment as a plaintiff, after the Queen's Bench ruling came down. So clearly the plaintiffs believe they're plaintiffs. They seek to collect money. That's the reason why we're trying to defend this office, because if we don't have that judgment registered here, we have no defense to any collection action here in the states. So why don't you want to rely on regular 1332? Is it because of Snyder? Yeah, and I think there's an issue in terms of, we don't have to rely upon diversity, but there's an issue of aggregation of claims here that is a very complicated one. That's what I'm saying, because if you look at the judgment that you registered, the judgment that you registered is one that says the underlying Illinois result fails what I'll somewhat inaccurately call the due process standards of Saskatchewan and Canada in general. This is actually done at the provincial level, so of Saskatchewan. And so just as going all the way back to Pennoyer v. Neff, we wouldn't require recognition and enforcement of a judgment if there's no personal jurisdiction, if there's improper notice. That's fundamentally what the Queen's Bench Court is saying. Yes, Judge. And that's the judgment we're looking at. We're not actually looking directly at the Illinois judgment. Correct. But I think in terms of, and they cite Travelers v. Good, they rely upon that case, but the issue here is different. The issue here is this is not a coverage action. We're not seeking any relief, seeking a coverage declaration. What we're saying is this judgment is found to be not enforceable by a court of jurisdiction that we should honor here, and that's what we're arguing. And so we have a common fund here. You have now an $8 million-plus amount that is dependent upon how many claimants make claims. And one of the things they raised when they filed the lawsuit was this was a common issue. This was a blast fax to everybody at one time, and that's how they got certification. No, we've seen this. Is this litigation chugging along still in the Illinois courts? It is. Well, there's an issue in terms of whether or not we've challenged the judgment in the Illinois court and whether or not it was a valid judgment. And it went through the federal court on jurisdiction. It came back down. The issue right now in front of the Illinois court is whether or not the settlement was reasonable and should have been approved as a reasonable settlement. That's the only issue right now. But that's not resolved yet. It's not resolved yet, no. But the problem is while this is going on, the plaintiffs are trying to collect. They are trying to collect on this judgment. They've issued citations to people they thought owed us money, and they're trying to enforce the judgment as plaintiffs. So if we don't do something, we are going to be subject to having this collected upon while these proceedings are pending. So that's why we're here. And, again, we're saying there are two independent grounds. If you don't agree with CAFA, we have either one. If either one applies here, we have jurisdiction. And we can fight later about whether or not the Illinois court or the Saskatchewan court should have precedence, but the issue is we were knocked out on a jurisdictional grounds immediately. But no claimant has a stake greater than $75,000, right? Well, that's correct. That is true, Judge. Depending upon how many claimants make claims, there are $500 or less per claimant. So you're either on the either viewpoint, no claimant in the class is anywhere close to $75,000, but from your viewpoint it's an $8 million stake at this point. Exactly, Judge. And, secondly, I suppose, you know, you've got the – you would concede that if there were jurisdiction, there are quite an array of merits issues that would need to be sorted out. Absolutely. Between you. Absolutely, Judge. And we didn't get to that because we were knocked out before we got to the merits. I agree with that, Judge. Right. You know, most insurance companies have lineage in their agreement that they don't cover this. I guess you're aware of that. Apparently this one doesn't have that. Yeah, and this is a policy written in Canada, and Canada doesn't have the TCPA, and so they didn't anticipate this at all. But I'm aware of that, Your Honor. Yeah, actually, I had a question about that because in your brief you said – this is page 2 – the policy provided coverage for bodily injury and property damage with a $500 deductible per occurrence and excluded liability for advertising policy limits of $2 million. Is that $2 million Canadian, $2 million U.S.? $2 million Canadian. $2 million Canadian. Yeah, it was a Canadian insured here it was issued to, the policies in Canada to that insured, yes. And my client didn't get a chance to argue the merits even here because we were not given proper notice, and that's a whole different issue, but we were not given proper notice of the citation, and so there's a turnover order entry without our knowledge or ability to fight it, and then we got served with a citation afterwards and now the judgment's against you, and we've been trying to fight that since then. Okay. Well, if you want to save the last minute, you can do that. I will. Thank you. Mr. Oppenheim. May it please the Court, I know that this Court has seen a lot of cases with a lot of convoluted history and disputes, and we aim not to disappoint. This case began, as the Court is aware, as a class action in Illinois State Court. There was a judgment entered in 2007, and the first step that was done at that point was an effort was made to collect that judgment against SMI. No, we know this, and this is one of these settlements, like we're assigning our claim to you and you're going to get whatever the insurance policy gives, and so that's what takes us to where we are now, but that's, of course, what takes us to the complexity that at the settlement level, this is a certain sum of money. It's not any more Smith gets $15.25 for the faxes and somebody else gets $103 and somebody else gets what. It's structured so there is just this global amount of money, and then we have the intervention of the Queen's Bench Court in Saskatchewan, which takes us to issues of recognition and enforcement of foreign country judgments, which is not handled quite the same way as local. Right, and, in fact, in the Illinois action, which has been litigated on the merits quite aggressively by SMI ever since they showed up and started participating in approximately 2009, one of those issues is the court has wrestled with what weight to give that judgment and what weight to give other evidence of what Canadian law is or might not be. Which is why I said, I mean, if there were jurisdiction, that's just first base. There's second, third, and home left to go. I mean, there's some very significant issues about how the two court systems would be interacting together, what kind of notice provisions are there, what the Canadian courts would say. Sometimes these issues get very messy between two countries. Well, and there's active litigation still going on in Saskatchewan as well. What's happening in Saskatchewan now? The SMI has instituted a declaratory judgment seeking a declaration of non-coverage up there after they got this decision back in 2007 that collection wasn't going to be the case or wasn't going to be available based on the record as it existed at that time. Meanwhile, the record, of course, has continued to develop in Illinois, and now that SMI has been in court there and seeking a declaration of non-coverage on the merits, we feel that when that concludes and it's set for trial in June, that assuming that the judgment survives intact, assuming that the Illinois court holds that there's still going to be liability against SMI, that when we go back up to Saskatchewan to try and enforce it again, that will be the next step there. So I'm not entirely sure where the federal district court fits in in this process. Well, I mean, what they're clearly trying to do, and that's the issue before us, is if the original judgment from Illinois was flawed because, as the Canadian judge says, there wasn't adequate notice, then at least that's not going to be the basis. Maybe some later judgment would. Again, I'm not going to go too far into the future on this, but at least what you've got as of the moment the Saskatchewan court rules isn't going to be the end of the discussion. Right. And to get back to your other question, Judge Wood, about why does Snyder v. Harris still apply in the post-judgment, post-settlement context, that is the same situation this court dealt with in Travellers v. Good. It was another one of our cases. Yeah. I'm not sure that Good is quite as much as you need because of the, again, the general rule, whether it's settlements, whether it's judgments. Once a case has been settled, unless that settlement has been entered as an order of the court, a suit on the settlement, this is the Coconin case from the U.S. Supreme Court, requires a separate and independent basis of jurisdiction. You don't just automatically enforce a settlement in a federal court. Maybe you do in a state court, but that's a different entity. The federal court is where this case is going on, so we need federal jurisdiction. And in the Good situation, there was a judgment entered on the basis of the settlement, a class judgment, just like in this case, also in Illinois State Court. In both cases, the plaintiff sought to get into the coverage litigation by virtue of a collection action post-judgment in the Illinois State Court. In both cases, the insurer blew the deadline to remove the case to federal court and then tried to run into federal court much later. And what this court said is no, there's no jurisdiction because by virtue of the fact that this is a class action and a class judgment that's being fought about, nobody's got the $75,000 in coverage. Right, but that's where you, I mean, that's again where there's this inconsistency in theory because if it really is a class action, then why doesn't CAFA kick in? You don't need to worry about aggregation in CAFA. This is well in excess of $5 million at this point. And ultimately, that's where the jurisprudence of this court in the Traveler's Good case on the one hand and the Addis and Domino case on the other hand comes in, and I think it was Your Honor's comment to opposing counsel early on, which is that we're here as defendants. Saskatchewan is a plaintiff in this case. But you just finished saying that you aren't. That's the problem. You're just saying to the extent it's an extension of the basic litigation, this is a plaintiff class. You would like to be paid money for the alleged violation of the Telephone Consumer Protection Act. Think of there like a handful of defendant classes that you can imagine. We've had a few where it's been a defendant class of counties in Illinois with certain bail practices. Once in a blue moon, you see a defendant class. But this is not a defendant class. This is a plaintiff class that's trying to enforce a settlement. But the class is in the position of a defendant, and that's what this court held in Traveler's versus Good about why CAFA would not apply to that case. And it ultimately is what this court circled back to in Addison versus Domino, where you had an action initiated by a plaintiff class that was removed by the defendant. CAFA did apply. So I think that the test is who initiates the federal litigation? Who comes into court and pays the money? Why isn't it who initiates the litigation if it's about a settlement? Because CAFA is defined not in terms of what substantive interests the class has versus the party that's not the class. It's defined in terms of plaintiff and defendant. So you know with declaratory judgments, we frequently unravel the nominal position of parties and say if you've brought a declaratory judgment action, let's say to take a somewhat different situation, you'd like a declaration that a patent is invalid, and so you sue the patentee. Well, you're really just anticipatorily bringing the infringement action. You don't want to spend a lot of money and produce things and then be hit with an infringement action. But we understand that it's actually the defendant who is the de facto plaintiff in those situations. Isn't this similar to that? I don't think it is, and I think that that was something that the court really considered in the Travelers vs. Good context because really what we're dealing with here is an insurance company that would like something. They'd like a declaration that they don't have to cover this thing. That's what they were seeking in Travelers vs. Good as well, as opposed to the Addison case where it was the class seeking the money. And the class is seeking the money here. They're just doing it in Illinois State Court as they have been for the last 10 years as well as defending in Canada. Okay. Thank you, Your Honor. Thank you. I think you have a minute. I'll be brief. Good is a separate issue. Good was a case where actually the insurance company sued the class for a declaration. We are not suing the class for a declaration. What we're doing is we're trying to get the judgment enforced here that was entered in Canada. Counsel's argument that we've argued the merits in Illinois, that's totally false. We have never been able to argue the merits in Illinois. The Illinois court entered judgment against my client without proper notice, and we've been trying to get to the merits in Canada in terms of the coverage issues. But the fact is that judgment is still in effect. The judgment entered against the client is still in effect, and the court has refused to vacate that judgment. So, in fact, here we have two different judgments, but we are not seeking a declaration against the class. Thank you. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.